July 24, 2015

<u>Federal National Mortgage Association</u>, Case No. 3:15-cv-850 (RNC)

Re: Motion to Remand [ECF No. 9]

Granted.  A case may be removed to federal court only if it could have been filed there originally.  28 U.S.C. § 1441(a).  A case may be filed in federal court only if the court has jurisdiction over the subject matter of the case.  The party asserting federal jurisdiction bears the burden of showing that jurisdiction exists.  <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994).

In this case, defendant asserts that the court has jurisdiction under 28 U.S.C. § 1331 and § 1332(a)(1).  Neither section applies.

Section 1331 confers on district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff's summary process eviction complaint does not arise under federal law.  Defendant cites to the Americans with Disabilities Act ("ADA") and the U.S. Constitution in his notice of removal, but federal defenses do not confer federal jurisdiction.  See <u>Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 2 (1983). ("Under the 'well-pleaded complaint' rule, a defendant may not remove such a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law within the meaning of § 1331, and it may not be removed on the basis of a federal defense . . . .").  There is thus no jurisdiction under § 1331.

Section 1332(a)(1) confers on the district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  Neither the complaint nor the notice of removal provides any information regarding the citizenship of the parties or the amount-in-controversy.  Without this information, the court cannot conclude that the parties are diverse or that the amount-in-controversy exceeds $75,000.  See <u>Deutsche Bank Nat. Trust Co. v. Doe</u>, No. 3:10-cv-1940(CSH), 2010 WL 4683923, at *4 (D. Conn. Nov. 4, 2010).  Thus, there is also no jurisdiction under § 1332(a)(1).

Accordingly, the **motion to remand** [ECF No. 9] is hereby **granted**. The case is dismissed without prejudice and the Clerk is directed to close the file.

So ordered this 24th day of July, 2015.

                                               /s/RNC
                                  Robert N. Chatigny, U.S.D.J.